# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2008 | **DATE** | 1/18/2011 |
| **CASE TITLE** | Goldstein vs. Sofitel Chicago Water Tower et al. | | |

**DOCKET ENTRY TEXT**

Opinion:
Defendants' motion to supplement the record on appeal [186] is granted.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Frank Goldstein filed this negligence action in Illinois state court against Sofitel Chicago Water Tower and related entities (collectively, "Sofitel"). Sofitel removed the case to this court based on diversity of citizenship. The court held a bench trial beginning on March 1, 2010 at which the parties presented testimony from plaintiff's expert Dr. Vincent DiStefano. Dr. DiStefano testified by videotaped deposition.

At the time the deposition was taken, Dr. DiStefano had been disclosed as a fact witness, but not as an expert. Sofitel objected to the testimony, but the court ultimately allowed Dr. DiStefano to testify as an expert. At trial, Sofitel asked the court for another opportunity to cross-examine Dr. DiStefano. The court recessed the trial to give the parties the opportunity to brief the issue.

According to defendants, when Sofitel provided the court with a courtesy copy of its brief, it attached an outline of proposed questions for the requested deposition. The outline was marked "For In Camera Inspection Only," and it was never filed in the record or provided to Goldstein.

The trial eventually concluded, and the court found for Goldstein and awarded damages. Sofitel has appealed to the Seventh Circuit. It now moves pursuant to Federal Rule of Appellate Procedure 10(e) for this court to supplement the record on appeal with the three page outline of questions. Sofitel intends to argue on appeal that the court erred in denying Sofitel's motion to re-question Dr. DiStefano. Goldstein objects, arguing that (1) the court generally should not supplement the record with documents which were not actually filed with the court, and (2) there is no way for Goldstein to verify that the document now being proferred was actually before the court at the time it ruled on Sofitel's motion.

Rule 10(e) provides:

| STATEMENT |
|---|

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

. . .

    (B) by the district court before or after the record has been forwarded . . .

Contrary to Goldstein's first argument, the express purpose of the rule is to allow the court to supplement the record with information which has been accidentally "omitted from or misstated in the record." Fed. R. App. P. 10(e)(2); *cf United States v. Page*, 661 F.2d 1080, 1081-82 (5th Cir. 1981) (affirming district court decision to supplement the record with an account of a pre-trial conference "that had in fact 'occurred in the district court' and which was necessary to 'truly disclose' what went on there").* Sofitel avers, in an affidavit by its counsel, that the outline of questions was provided to the court on March 12, 2010. Although Sofitel failed to file the outline, it should be included in the appellate record if, in fact, it was made available to the court.

    The next question then becomes how to determine whether or not the proferred outline was in fact tendered to the court and whether it has been altered in any way. The court has not retained courtesy copies of the parties' briefs on this issue, so it cannot confirm that it ever received the outline. However, Sofitel's counsel has averred that the proferred outline and cover letter are true and correct copies of documents provided to the court on March 12, 2010. The court sees no reason to question counsel's veracity. Indeed, the court's recollection, albeit hazy, concurs that a list of questions was proffered. Goldstein has not requested a hearing on the issue; he simply asks that the court deny the motion because of the difficulty in verifying the authenticity of the document. Rule 10(e) empowers the court to resolve this dispute. Fed. R. App. P. 10(e)(1). Seeing no reason to doubt Sofitel's counsel's averments, the court grants Sofitel's motion.

---

\*    The court does not find persuasive authority submitted by Goldstein that the court should "not allow parties who inadvertently neglected to file documents before the district court to add those documents to the record on appeal." *Robinson v. Sanctuary Record Groups, Ltd.*, 589 F. Supp. 2d 273, 275 (S.D.N.Y. 2008). This holding appears to contradict the plain language of Rule 10(e) which permits the court to correct errors. The court of appeals ought to be able to examine any documents which the district court had available to it in deciding the question under review.